IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:21-cr-15 |
| | ) Judge Stephanie L. Haines |
| TRICIA ANN CRAWLEY | ) |
| | ) |

**OPINION AND ORDER**

Pending before the Court is Defendant Tricia Ann Crawley's Motion to Sever (ECF No. 31) and Brief in Support of Motion to Sever (ECF No. 32). By way of background, on August 10, 2021, a grand jury sitting in the Western District of Pennsylvania returned a single-count Indictment (ECF No. 1) against Defendants Tricia Ann Crawley ("Defendant Crawley") and Amy Elizabeth Bennett ("co-defendant Bennett") for knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Scheduled II controlled substance, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C), on or about April 12, 2021. In her Motion to Sever (ECF No. 31) and Brief in Support of Motion to Sever (ECF No. 32), Defendant Crawley requests to be tried separately from co-defendant Bennett because her case is trial ready and she alleges the continuation of her case joined with co-defendant Bennett will negatively and substantially impair her speedy-trial rights under the Sixth Amendment and 18 U.S.C. §3161 (ECF No. 31 at ¶3). On October 21, 2021, the Government filed a Response to Defendant's Motion to Sever (ECF No. 34). In its response (ECF No. 34), the Government argues Defendant Crawley's motion (ECF No. 31) should be denied as she has failed to establish the joinder of Defendants in this case will cause Defendant Crawley to suffer clear and substantial prejudice resulting in a manifestly unfair trial. For the reasons set forth

1

below, the Court agrees with the Government, and Defendant Crawley's Motion to Sever (ECF No. 31) is hereby DENIED.

I.  **Factual and Procedural History**

On or about April 12, 2021, Defendant Crawley was charged in an information filed in the Cambria County Court of Common Pleas (ECF No. 31-2) with various state offenses, namely possession with intent to deliver a controlled substance under 35 P.S. §780-113 §§ A30, possession of a controlled substance under 35 P.S. §780-113§§ A16, and possession of drug paraphernalia under 35 P.S. §780-113§§ A32. As previously stated, on August 10, 2021, a grand jury sitting in the Western District of Pennsylvania returned a single-count Indictment (ECF No. 1) charging Defendant Crawley and co-defendant Bennett with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §841 (a)(1) and 841(b)(1)(C), on or about April 12, 2021. The state prosecution was subsequently *nolle prossed* after the federal grand jury returned the Indictment (ECF No. 31 at ¶2).

On August 16, 2021, Defendant Crawley and co-defendant Bennett made their initial appearances (ECF No. 13). That same day, counsel for co-defendant Bennett made an oral motion for a 45-day extension of time to file pretrial motions (ECF No. 19). Magistrate Judge Pesto granted the oral motion, also finding the ensuing delays should be excluded from the speedy trial computation in the interest of justice under § 3161(h)(7)(A), and the time from August 16, 2021, to September 30, 2021, was properly excluded (ECF No. 20).[1] On August 27, 2021, Defendant Crawley filed a waiver of formal arraignment and entered a plea of "not guilty" (ECF No. 25).

---

[1] On August 20, 2021, the Court initially granted an oral motion to extend deadlines as to Defendant Crawley up until September 30, 2021, however, that order (ECF No. 22) was issued in error and vacated (ECF No. 27).

2

Defendant Crawley's counsel then made an oral motion for 45-day extension of time to file pretrial motions (ECF No. 26). Magistrate Judge Pesto granted Defendant Crawley's oral motion, also finding the ensuing delays should be excluded from the speedy trial computation in the interest of justice under § 3161(h)(7)(A), and the time from August 27, 2021, to October 12, 2021, was properly excluded (ECF No. 27). On September 30, 2021, co-defendant Bennett filed a motion seeking a 90-day extension of time to file pretrial motions (ECF No. 29). The Court granted the motion, also finding the ensuing delays should be excluded from the speedy trial computation in the interest of justice under § 3161(h)(7)(A), and the time from September 30, 2021, to December 30, 2021, was properly excluded (ECF No. 30).

On October 12, 2021, Defendant Crawley filed the instant Motion to Sever (ECF No. 31) and Brief in Support of Motion to Sever (ECF No. 32). The Court ordered the Government to file a response to the motion on or before October 27, 2021 (ECF No. 33), and on October 21, 2021, the Government filed its Response to Defendant's Motion to Sever (ECF No. 34). This matter is now ripe for disposition.

## II.   Legal Standard

Defendant Crawley seeks a severance under Federal Rule of Criminal Procedure 14(a) which provides as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Rule 14 permits a district court "to sever properly joined defendants and order a separate trial where a consolidated trial appears to prejudice the defendant." *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (internal citations omitted). Specifically, to prevail on her claim,

Defendant Crawley must show there is a serious risk a joint trial would compromise her specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *See United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (internal citation omitted) ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.")

A defendant seeking relief under Rule 14 has the burden to demonstrate that the failure to grant a severance will result in "real not fanciful" prejudice. *United States v. Segal*, 534 F.2d 578, 583 (3d Cir. 1976); *United States v. Gorecki*, 813 F.2d 40, 43 (3d Cir. 1983) (defendant must show "clear and substantial prejudice"). In determining if severance is appropriate, the court is "to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion." *United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992). Even when a defendant succeeds in establishing prejudice, the decision whether to sever the defendant's case rests in the sound discretion of the trial court. *See Zafiro v. United States*, 506 U.S. 534, 539-539 (1993); *see also United States v. Lore*, 430 F.3d 190, 204-05 (3d Cir. 2005).

**III. Analysis**

While Defendant Crawley does not argue the joinder of charges and Defendants in the Indictment (ECF No. 1) is improper under Federal Rule of Criminal Procedure 8, to reach analysis of Defendant Crawley's right to a severance under Rule 14, the Court must first determine whether Defendant Crawley was "properly joined" under Rule 8. Joinder of offenses and defendants in an indictment is governed by Rule 8, which states as follows:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same

4

act or transaction, or are connected with or constitute part of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(a), dealing with the joinder of offenses, applies only to prosecutions involving a single defendant. If more than one defendant is indicted, the tests for joinder of counts and defendants is merged in Rule 8(b). *United States v. Somers*, 496 F.2d 723, 746 (3d Cir. 1974) (internal citations omitted). Provided the indictment charges that the offenses joined constitute a single series of acts or transactions, severance will not be required. *Id.* at 729. In this case, the Indictment (ECF No. 1) connects Defendant Crawley and co-defendant Bennett by charging them with a single-count of possession of fentanyl with intent to distribute stemming from the same series of acts or transactions that occurred on April 12, 2021. The Court therefore finds Defendant Crawley was properly joined in this matter with co-defendant Bennett.

While Rule 8 requires severance where defendants were improperly joined, Rule 14 provides the district court with the authority to order severance in cases where there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (1993). Defendants seeking a severance under Rule 14 bear a "heavy burden" and must demonstrate not only that the court would abuse its discretion if it denied severance, "but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *Lore*, 430 F.3d at 205 (3d Cir. 2005) (internal citation omitted).

In this case, Defendant Crawley argues her rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment are prejudiced by being tried jointly with co-defendant

5

Bennett. For the reasons addressed below, the Court finds Defendant Crawley has failed to establish either that her rights under the Speedy Trial Act or the Sixth Amendment have been prejudiced or that the jury would be prevented from making a reliable judgment about her guilt or innocence, let alone establish that denial of severance in this case would lead to clear and substantial prejudice resulting in a manifestly unfair trial.

1. **Speedy Trial Act**

Congress enacted the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, to give statutory effect to the Sixth Amendment's constitutional speedy trial right. The Speedy Trial Act requires a criminal defendant be brought to trial "within seventy days of the filing date...of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). The Act also includes several exclusions to the calculation of time in this 70-day period within which a trial must commence. Relevant to Defendant Crawley's Motion (ECF No. 31) is Section 3161(h)(7)(A), which creates an exclusion of time relating to an ends-of-justice continuance granted by the Court, and Section 3161(h)(6), which provides "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time in which trial must commence.

Defendant Crawley states she has been held in custody since April 12, 2021, pursuant to the state charges (ECF No. 31 at ¶2), but her initial appearance in this case occurred on August 16, 2021 (ECF No. 13). On August 16, 2021, co-defendant Bennett sought and was granted a 45-day extension of time to file pretrial motions and an exclusion of time in the interests of justice under §3161(h)(7)(A) until September 30, 2021 (ECF No. 20). On August 27, 2021, Defendant Crawley

6

sought a 45-day extension of time to file pretrial motions and an exclusion of time in the interests of justice under §3161(h)(7)(A) until October 12, 2021, which was granted by Magistrate Judge Pesto (ECF Nos. 27 and 28). Defendant Crawley has not sought any additional extensions of time, and based on the October 12, 2021 deadline, Defendant Crawley therefore contends she should be tried by December 10, 2021, per her rights under the Speedy Trial Act (ECF No. 32 at p. 3).

However, on September 30, 2021, co-defendant Bennett sought and was granted a 90-day extension of time to file pretrial motions and an exclusion of time in the interests of justice under §3161(h)(7)(A) until December 30, 2021 (ECF Nos. 29 and 30). Under §3161(h)(6), "'an exclusion applicable to one defendant applies to all co-defendants.'" *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (quoting *United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1983). Therefore, co-defendant Bennett's exclusion of time from September 30, 2021, to December 30, 2021 applies equally to Defendant Crawley. Defendant Crawley asserts that, at a minimum, because of co-defendant Bennett's exclusion of time, Defendant Crawley cannot expect a trial until April 2022.[2]

Defendant Crawley argues the exclusions of time granted to co-defendant Bennett violate Defendant Crawley's right to a speedy trial because this time is also excluded as to Defendant Crawley under §3161(h)(6). However, Defendant Crawley has not shown that there has been any violation of her rights under the Speedy Trial Act. Defendant Crawley and co-defendant Bennett were indicted in this case approximately five months ago. During the course of this case, co-defendant Bennett sought and was granted two extensions of time to file pretrial motions and corresponding exclusions of time in the interests of justice, one for 45 days, from August 16, 2021,

---

[2] Specifically, Defendant Crawley projects an April 2022 trial date based on a chart of statistical data for United States District Courts found at:
https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/06/30-1

7

to September 30, 2021(ECF No. 20), and one for 90 days, from September 30, 2021 to December 30, 2021 (ECF No. 30). Defendant Crawley herself sought and was granted a 45-day extension of time to file pretrial motions and a corresponding exclusion of time in the interests of justice, from August 27, 2021, to October 12, 2021 (ECF No. 27). As the time excluded as to co-defendant Bennett is excludable as to Defendant Crawley, no days have elapsed under the speedy trial clock in this case as to either Defendant.[3] *See United States v. Claxton*, 766 F.3d 280, 293 (3d Cir. 2014) (delay resulting from co-defendants' motions served to toll the speedy trial clock for all defendants under Act); *United States v. Erby*, 419 F. App'x 176, 180 (3d Cir. 2011) (defendant's speedy trial clock tolled during period of time co-defendant filed and was granted eight extensions of time because "an exclusion applicable to one defendant applies to all codefendants").

The language of §3161(h)(6) provides that "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time in which trial must commence. The Court, in all of its orders continuing trial, specifically found that the ends of justice served by the delay outweighed the best interest of the public and the Defendant in a speedy trial since, the failure to grant such a continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161 (h)(7)(B)(iv) (*See* ECF Nos. 20, 27, and 30). Accordingly, having determined Defendants are properly joined for trial, and that the time from August 16, 2021, to December 30, 2021, was properly and reasonably excluded, Defendant Crawley has failed to show

---

[3] Overlapping with the exclusions granted in the motions for extension of time to file pretrial motions would also be any delay resulting from the filing of the instant motion to sever, which runs from the time of filing through either the conclusion of a hearing on the motion, or the prompt disposition of the motion. *See* §3161(h)(1)(D).

8

her joinder in this case has subjected her to unreasonable delay in violation of her rights under the Speedy Trial Act.

### 2. Sixth Amendment

Defendant Crawley also asserts the continuation of this case joined with co-defendant Bennett will negatively and substantially impair Defendant Crawley's speedy trial rights under the Sixth Amendment. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. In *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972), the United States Supreme Court set forth a four-factor test for examining alleged Sixth Amendment violations. "The inquiry focuses on: (1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Barker*, 407 U.S. at 530–33). None of the four factors are either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial; rather, they are related factors and must be considered together with such other circumstances as may be relevant. *Barker*, 407 U.S. at 533.

The first consideration under the *Barker* test is the length of the delay, and it is a threshold issue, as, if the delay is relatively brief, then it is not necessary to consider the other *Barker* factors. *Id.* at 530-31 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.") If the delay is sufficiently long, courts assess the extent to which the delay was long enough to "intensify" the prejudice caused by the delay. *Doggett v. United States*, 505 U.S. 647, 652 (1992). As stated by the Supreme Court in *Doggett v. United States*, 505 U.S. 647 (1992):

9

> The first of these [*Barker* factors] is actually a double inquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.

*Doggett*, 505 U.S. at 651-52 (internal citations omitted).

In determining whether a defendant has met this threshold burden of demonstrating delay which is "presumptively prejudicial", the Supreme Court has noted "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year" but has emphasized that "as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Id.* at 652 n.1. *See Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (finding 14 month delay is sufficient to trigger review of the remaining *Barker* factors).

In this case, as to the first *Barker* factor, Defendant Crawley was indicated on August 10, 2021, approximately five months ago. This period of delay is not presumptively prejudicial, and there is nothing to suggest this case is not being promptly prosecuted. Accordingly, this period of delay fails to trigger review of the remaining *Barker* factors. Additionally, the Court notes the protections of the Speedy Trial Act "exceed those of the Sixth Amendment, which does not require that a trial commence within a specified time." *United States v. Lattany*, 982 F.2d 866, 870 n.5 (3d Cir. 1992). Because the Speedy Trial Act "was enacted largely to make defendants' constitutional speedy trial rights meaningful, many courts have noted that 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" *United States v. Alvin*, 30 F. Supp. 3d 323, 340 (E.D. Pa.

2014) (quoting *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)). The Court has already determined the Speedy Trial Act has not been violated in this case, and there are no unusual circumstances indicating the time limits of the Speedy Trial Act have been met but Defendant Crawley's Sixth Amendment right to a speedy trial has been violated. The Court thus finds Defendant Crawley has failed to establish the joinder results in a constitutional violation of her speedy trial rights under the Sixth Amendment.

### 3. Burden for Severance

The Court finds Defendant Crawley has not met her heavy burden to establish there is a serious risk a joint trial would compromise one of her specific trial rights or prevent the jury from making a reliable judgment about her guilt or innocence. *See Urban*, 404 F.3d at 775 (3d Cir. 2005). Defendant Crawley's desire to be tried immediately while her co-defendant has sought exclusions of time to file pretrial motions and to prepare for trial in the interests of justice does not rise to the level of clear and substantial prejudice so as to warrant severance under Rule 14. *See United States v. Glenn*, No. 1:10-CR-5-2, 2010 U.S. Dist. LEXIS 117099, at *6 (M.D. Pa. Nov. 3, 2010). The Speedy Trial Act provides that reasonable exclusions of time granted in the interests of justice as to one defendant will apply to all co-defendants, and Defendant Crawley has failed to show how operation of the Speedy Trial Act as it is written results in unreasonable delay or violates her speedy trial rights.

Defendant Crawley states the applicable Federal Sentencing Guidelines for her charges are 24 to 30 months (with acceptance of responsibility) or 33 to 41 months (if convicted at trial), and that, as of the filing of the motion, Defendant Crawley had been held in pretrial confinement for six months (ECF No. 32 at p. 4). Defendant Crawley contends if she must continue to wait for co-defendant Bennett to either plead or go to trial, then, if acquitted, she will have unnecessarily

11

served more time incarcerated than was necessary if she were permitted to go to trial alone (ECF No. 31 at ¶4).  Defendant Crawley contends therefore that the continuation of her case joined to co-defendant Bennett's case is prejudicial to her.  *Id.* at ¶5.

However, Defendant Crawley's period of pretrial confinement as compared to her estimation of her sentence range under the Federal Sentencing Guidelines does not demonstrate she is entitled to severance of her case.  As discussed above, Defendant Crawley has failed to show she is subjected to any unreasonable delay so as to violate the Speedy Trial Act.  Nor has Defendant Crawley shown prejudicial delay under a Sixth Amendment analysis at this time.  The Court also notes Defendant Crawley does not argue she is entitled to release based on excessive pretrial detention, or on any other basis, because, as she concedes, she is currently subject to a parole detainer and her release is not an issue at this time (ECF No. 32 at p. 2).

Defendant Crawley also contends the evidence in this case is minimal, and as such, her liberty and speedy trial interests outweigh the inconvenience of holding a separate trial for her case, which she estimates would last approximately three days (ECF No. 32 at p. 6).  In determining if severance is appropriate, the court is "to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion." *United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992).  At this time, Defendant Crawley has demonstrated little potential for prejudice.  Though she asserts prejudice to her liberty and speedy trial interests, Defendant Crawley concedes her release from pretrial confinement is not an issue at this time because she is subject to a parole detainer (ECF No. 32 at p. 2), and, as discussed above, Defendant Crawley has failed to show the prosecution of this case to date has resulted in a violation of her rights under the Speedy Trial Act or the Sixth Amendment.

Regarding conservation of judicial resources, the federal judicial system strongly prefers that defendants who are indicted together be tried jointly. *Zafiro*, 506 U.S. at 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)); *see also Lore*, 430 F.3d at 204-05 (3d Cir. 2005). Defendant Crawley and co-defendant Bennett are charged in a single-count Indictment for possession of fentanyl with intent to distribute on April 12, 2021 (ECF No. 1), and accordingly, they should be tried together under the joinder policy established by Rules 8 and 14. The Third Circuit Court of Appeals has explained this joinder policy "promote[s] efficiency and serve[s] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." *Lore*, 430 F.3d at 204-05. Despite Defendant Crawley's representation that a separate trial presents only a "minor inconvenience", commencing two different trials for the same indictment does not promote judicial economy and efficiency. *See United States v. Martinez-Osoria*, No. 1:15-CR-153, 2016 U.S. Dist. LEXIS 45762, at *15-16 (M.D. Pa. Apr. 5, 2016) ("Forcing separate trials when defendants are otherwise properly joined violates the spirit of Rules 8(b) and 14(a), resulting in unnecessary duplication of expense and effort on the part of both counsel and the court.") (internal citations omitted); *United States v. Searcy*, No. 19-135, 2021 U.S. Dist. LEXIS 227690, at *6 (W.D. Pa. Nov. 29, 2021) ("Two jury pools must be called, two juries must be selected, and there will no doubt be duplication of evidence and witnesses. In addition, due to COVID-19 and the temporary pause of jury trials, the backlog of cases needing to be tried will be affected by having two trials instead of one."). The Court finds Defendant Crawley's alleged prejudice to her liberty and speedy trial interests does not outweigh the interests of joinder and conservation of judicial resources in this case.

Defendant Crawley relies on *United States v. Byrd,* 466 F. Supp. 2d 550 (S.D.N.Y. 2006), to contend other courts have granted severance for speedy-trial considerations, but *Byrd* differs

significantly from this case. In *Byrd*, eleven defendants were charged in a racketeering conspiracy and narcotics conspiracy. *Byrd*, 466 F. Supp. 2d at 551 (S.D.N.Y. 2006). In addition to those charges, five of the co-defendants were designated by the Government as eligible for the death penalty based on their involvement in two murders. *Id.* The Government informed the court it would need eight months to decide whether to seek the death penalty as to those five co-defendants. *Id.* at 552. One of the non-death-eligible co-defendants, Jermail Manuel, moved for severance of his trial arguing the extended delay that would occur while the Government determined whether to seek the death penalty as to those five co-defendants would deprive him of a speedy trial. *Id.* at 552. The district court granted the severance motion on that basis, finding also that Manuel's crimes under the indictment were not as severe as the crimes charged against the five death-eligible co-defendants, and Manuel was not alleged to be involved in the two murders that formed the basis of the death-eligible designations. *Id.* at 551.

In this case, the Government has made no statements indicating it will be requesting a prolonged eight-month period of delay to resolve any issue of this case, and it is not a death-penalty eligible case. Further, there is no disparity between the severity of the Defendants' charges in this case, and they are both charged under a single-count Indictment for possession with intent to distribute fentanyl on April 12, 2021 (ECF No. 1). The district court's decision in *Byrd* therefore does not support Defendant Crawley's request for severance. *See United States v. Gutierrez*, No. 06-CR-582-4, 2007 U.S. Dist. LEXIS 90111, at *29 (E.D. Pa. Dec. 6, 2007).

**IV.    Conclusion**

For the reasons stated herein, Defendant Crawley has failed to show she is entitled to severance of her case. The Court will therefore DENY her motion to sever (ECF No. 31). An appropriate Order follows.

                                                  */s/ Stephanie L. Haines*
                                                  Stephanie L. Haines
                                                  United States District Judge